**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 1476.]**

THE STATE OF OHIO, APPELLANt, *v*. JONES, APPELLEE.

[Cite as *State v. Jones*, 1997-Ohio-146.]

*Criminal procedure—Specification of physical harm or threat of physical harm of former R.C. 2941.143 satisfied, when.*

The specification of physical harm or threat of physical harm of former R.C. 2941.143 is satisfied when the defendant causes or threatens physical harm *during* the commission of a felony. (*State v. Witwer* [1992], 64 Ohio St.3d 421, 596 N.E.2d 451, clarified.)

(No. 96-834—Submitted May 6, 1997—Decided August 6, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 15110.

_____

{¶ 1} The appellee, Brian F. Jones, participated in a planned cocaine sale on August 18, 1994. With the help of a confidential informant, police had arranged for an undercover officer to purchase two ounces of crack cocaine in a Dayton motel parking lot. Detective Michael Scarpelli, posing as a local restaurant manager, arrived at the selected location, accompanied by the informant. Detective Scarpelli and the informant observed a maroon and white Chevy Caprice with two occupants enter the parking lot at approximately 1:56 p.m.

{¶ 2} After stopping briefly, the Chevy entered a nearby McDonald's parking lot shortly before 2:00 p.m. Appellee left the car and walked over to the pay phone, picked up the receiver and appeared to be talking. The Chevy then returned to the motel parking lot and parked next to Detective Scarpelli's car. The Chevy's driver was appellee's codefendant, Steven Cantrell.

{¶ 3} Cantrell approached Detective Scarpelli's car and explained that he would make a telephone call and then someone would deliver the drugs. Cantrell returned to his car and supposedly made a call. As the detective, the informant, and

Cantrell then waited in Scarpelli's car, the appellee walked slowly through the parking lot twice, looking at the detective's car each time. When asked by the detective, Cantrell denied knowing the appellee. At the detective's request, Cantrell made another phone call regarding the drug delivery.

{¶ 4} Undercover detectives surveilling the area observed the appellee periodically peering around the motel and monitoring the area as if watching Detective Scarpelli and conducting countersurveillance. Ultimately, the appellee returned to the McDonald's parking lot and entered an Oldsmobile. The driver of the Oldsmobile drove back to the motel parking lot, where he stopped behind Detective Scarpelli's car. Cantrell left the detective's car and spoke with the Oldmobile's occupants, who included the driver and a passenger in the front seat as appellee crouched down in the back seat. Approximately two to three minutes later, appellee entered the back seat of the detective's car, placed a gun to the detective's head, and demanded money. Detective Scarpelli, who was wearing a radio transmitter, begged the appellee not to shoot him. The detective handed the appellee $1,900 in cash.

{¶ 5} A police assault team that was waiting a short distance away responded to Detective Scarpelli's plea. The appellee attempted to flee, threw the cash in the air, and was apprehended a short distance away. Officers found a small bag of crack cocaine in his pants pocket. Officers also retrieved a gun that the appellee had thrown down during the chase.

{¶ 6} The appellee pled not guilty to aggravated trafficking in cocaine in a quantity exceeding three times the bulk amount, aggravated robbery, and drug abuse. Each charge included a firearm specification. In addition, the drug abuse charge also included a specification of an actual threat of physical harm, pursuant to former R.C. 2941.143, which is the subject of this appeal. A jury convicted the appellee on all counts and specifications.

**{¶ 7}** Although noting its disagreement with the decision of this court in *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451, the Court of Appeals for Montgomery County held that under *Witwer*, given that the appellee's drug abuse felony *itself* neither caused nor threatened physical harm, the trial court should have imposed a definite sentence pursuant to former R.C. 2929.11(D) rather than an indefinite sentence under former R.C. 2929.11(B)(7). Accordingly, the appellate court reversed that portion of the trial court's judgment and remanded for resentencing on the drug abuse conviction and directed the trial court to impose a definite sentence under former R.C. 2929.11(D). This cause is now before this court upon the allowance of a discretionary appeal.

_____

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Steven J. Ring*, Assistant Prosecuting Attorney, for appellant.

*David R. Miles*, for appellee.

_____

**LUNDBERG STRATTON, J.**

**{¶ 8}** The issue we are called upon to clarify is whether the specification of physical harm or threat of physical harm of former R.C. 2941.143 is satisfied when, as here, the defendant causes or threatens physical harm *during* the commission of a felony, whether or not the felony itself causes or threatens harm. Because we find that it is so satisfied, we reverse the judgment of the court of appeals.

**{¶ 9}** R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Former R.C. 2925.11(C)(1) defines this offense as a fourth-degree felony. Former R.C. 2941.143[1] permits the imposition

_____

1. Former R.C. 2941.143 has been repealed pursuant to Am.Sub.S.B. No. 2 which took effect in July 1996. However, the harm specification is now found as a sentencing factor pursuant to R.C. 2929.13(B)(1)(a), (b), and (c). Presently, the trial court must determine whether in committing the offense, the defendant caused, attempted to cause, or made an actual threat of physical harm to any person with a deadly weapon.

of an indefinite term of incarceration if the indictment specifies that, *during the commission of the offense charged*, the offender caused or threatened to cause physical harm to any person with a deadly weapon. 140 Ohio Laws, Part I, 583, 602-603. By contrast, former R.C. 2929.11(D) mandates a definite sentence if the indictment does not specify that, during the commission of the offense charged, the offender caused or threatened to cause physical harm to any person with a deadly weapon. An indefinite term for a fourth-degree felony, pursuant to former R.C. 2929.11(B)(7), is a minimum term of either eighteen months, two years, thirty months, or three years, and a maximum term of five years. Because the indictment charging the appellee with drug abuse also specified that during the commission of that offense, the appellee made an actual threat of physical harm to Detective Scarpelli, imposition of an indefinite term pursuant to former R.C. 2929.11(B)(7) was appropriate.

{¶ 10} The court of appeals misinterpreted our decision in *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451. The court of appeals interpreted *Witwer* to hold that given that the appellee's drug abuse felony *itself* neither caused nor threatened physical harm, the trial court should have imposed a definite sentence pursuant to R.C. 2929.11(D) rather than an indefinite sentence under R.C. 2929.11(B)(7). *Witwer* does not require the felony *itself* to have caused the harm. In *Witwer*, the defendant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06 and a specification that, during the commission of the offense, the defendant caused physical harm to the victim of the vehicular homicide pursuant to former R.C. 2941.143. The defendant was convicted of the offense and the specification. On appeal, the court of appeals reversed the trial court, concluding that because the specification was subsumed within the underlying offense, a conviction predicated on that offense constituted a violation of due process of law. This court reversed the court of appeals and

remanded the cause to the trial court for reimposition and execution of the original sentence.

{¶ 11} In reversing, this court found that R.C. 2929.11(D) "implicitly provides that the commission of a fourth degree felony which *does* 'cause physical harm' will subject a convicted defendant to the indefinite term of incarceration provided in R.C. 2929.11(B)(7)" (emphasis *sic*), *Witwer*, 64 Ohio St.3d at 424-425, 596 N.E.2d at 454, and that such a sentence did not violate due process in that the legislature was entitled to punish more severely those who caused or threatened harm during the commission of a felony. Thus, the court concluded that "where an accused commits a fourth degree felony causing physical harm he is *eligible* to be sentenced pursuant to R.C. 2929.11(B)(7). However, R.C. 2941.143, as relevant here, prescribes that, before one may be sentenced to the term of [indefinite] incarceration provided in R.C. 2929.11(B)(7), the indictment must have contained a specification stating that the accused caused physical harm in the course of committing a fourth degree felony." (Emphasis *sic*.) *Id.* at 425, 596 N.E.2d at 454.

{¶ 12} The court's initial focus in *Witwer* was whether the defendant had notice of the harm specification. The court further stated that the specification must charge "that the accused caused physical harm to a person while *committing the underlying felony.*" (Emphasis added.) *Id.* at 426, 596 N.E.2d at 455. If *no* harm was threatened or caused, or no specification so charged, the court only then must impose a definite sentence. Here, the indictment charged the harm specification, and the jury found that the appellee threatened physical harm, satisfying both requirements of *Witwer*.

{¶ 13} Further, footnote two of *Witwer* clarifies that there is no requirement that the felony itself cause or threaten the harm: "Our discussion herein is limited to the circumstances presented by the instant cause which authorize the imposition of the indefinite term of incarceration provided by R.C. 2929.11(B)(7) (*i.e.*, commission of a fourth degree felony which causes physical harm). In the interests

of clarity, we have omitted reference to the *alternate circumstances under which imposition of the indefinite term is permitted* (*e.g.*, the actual threat of physical harm with a deadly weapon)." (Emphasis added.) *Id.* at 424, 596 N.E.2d at 454.

{¶ 14} Thus, *Witwer* does not establish a requirement for the underlying felony *itself* to cause or threaten physical harm. Moreover, we find that *Witwer* can be distinguished on its facts. In *Witwer*, the underlying offense was vehicular homicide. Thus, physical harm was *inherent* in the underlying offense. *Witwer* specifically limits its holding to such cases.

{¶ 15} Here, the underlying offense is drug abuse, which does not inherently include physical harm or a threat of physical harm. The appellee was committing the felony of drug abuse at the time he threatened Detective Scarpelli with a firearm. The *drug abuse* did not cause the detective to be threatened with physical harm. Thus, the appellee did not commit a felony which *caused* physical harm or *caused* Detective Scarpelli to be threatened with physical harm. Rather, the appellee threatened harm to Detective Scarpelli *during the commission of the offense, i.e.,* while the appellee was abusing or possessing drugs.

{¶ 16} Turning to former R.C. 2941.143, there is no requirement that the felony itself be the cause of the harm or threat. Rather, the statute merely requires that the offender cause or threaten physical harm *during* the commission of the felony. In the case at bar, the appellee threatened physical harm to Detective Scarpelli during the commission of the felony of drug abuse. Therefore, we hold that the specification of physical harm or threat of physical harm of former R.C. 2941.143 is satisfied when the defendant causes or threatens physical harm *during* the commission of a felony. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court to reinstate the original sentence.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents and would dismiss the appeal as improvidently allowed.

————————————————